UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00226-FWS-PVC                                        Date: July 26, 2023
Title: Theresa Brooke v. Dellisart LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                        Attorneys Present for Defendant:

Not Present                                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [11]**

Before the court is Plaintiff Theresa Brooke's ("Plaintiff") Motion for Default Judgment ("Motion" or "Mot.") against Defendant Dellisart LLC ("Defendant"). (Dkt. 11). The Motion is supported by the declaration of Plaintiff's counsel P. Kristofer Strojnik ("Strojnik Decl."). (Dkt. 11-1.) The court previously took the matter under submission on April 3, 2023. (Dkt. 20.) Based on the record, as applied to the applicable law, the Motion is **DENIED.**

### I. Background

#### a. Summary of Allegations

Plaintiff is a disabled woman who uses a wheelchair due to the loss of a leg. (Dkt. 1 ("Compl.") ¶ 1.) Defendant owns and/or operates Staybridge Suites Irvine, a hotel located at 1660 Barranca Parkway, Irvine, California, 92606. (*Id.* ¶ 2.) On information and belief, Defendant's hotel was built or renovated after March 15, 2012. (*Id.*)

Plaintiff alleges Defendant's hotel does not have a compliant access aisle at the passenger loading zone next to the hotel lobby. (*Id.* ¶ 7.) An access aisle must be: (1) 60 inches wide and

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00226-FWS-PVC                      Date: July 26, 2023
Title: Theresa Brooke v. Dellisart LLC

---

at least 20 feet long; (2) have an accessible route adjoining it; and (3) cannot be within a vehicular way.  (*Id*.)  Plaintiff alleges the requirement for an access aisle at a passenger loading zone is important for a person in a wheelchair such as Plaintiff, as it provides safe access to the entry of the hotel and deters others from placing encumbrances or obstacles there such as a vehicle parking.  (*Id.* ¶ 8.)  Absence of an access aisle where required creates dangerous conditions for a person in a wheelchair such as Plaintiff.  (*Id*.)

Plaintiff traveled to California in December 2022 for testing ADA compliance and leisure travel.  (*Id.* ¶ 10.)  Plaintiff has concrete plans to lodge at Defendant's hotel in August 2023, but will not go if Defendant has not remediated the issue by then.  (*Id*.)  During her trip to California, Plaintiff visited Defendant's hotel and discovered that the hotel has a barrier to entry to the lobby, in that the passenger loading zone does not have an ADA-complaint access aisle.  (*Id.* ¶ 12.)  Plaintiff was deterred from entering the hotel.  (*Id.* ¶ 13.)  Plaintiff will not return to the hotel unless Defendant puts the required access aisle in place and gives notice of remediation; visiting otherwise would be futile because Plaintiff would encounter a barrier to entering the lobby.  (*Id*.)  Plaintiff alleges it is readily achievable to modify the hotel to provide an access aisle because "[p]rovision of an access aisle is extremely inexpensive; it involves painting and measuring tools."  (*Id.* ¶ 14.)

### b. Procedural Background

On February 6, 2023, Plaintiff initiated this action, asserting two causes of action against Defendant: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.; and (2) violation of the California Unruh Act, Cal. Civ. Code § 51 *et seq.* (Compl. ¶¶ 16-28.)  Plaintiff seeks a declaratory judgment that Defendant was in violation of the Unruh Act, a permanent injunction regarding the passenger loading zone, costs, attorney's fees, damages of $4,000.00, and whatever other relief the court deems just, equitable, and appropriate.  (*Id.* ¶ 28.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00226-FWS-PVC                              Date: July 26, 2023
Title: Theresa Brooke v. Dellisart LLC

On March 5, 2023, Plaintiff requested that the Clerk of Court enter default against Defendant. (Dkt. 9.) The Clerk entered default on March 6, 2023. (Dkt. 10.) Plaintiff moved for default judgment on March 10, 2023. (Dkt. 11.) On March 16, 2023, the court ordered Plaintiff to show cause in writing why the court should exercise supplemental jurisdiction over Plaintiff's state law claim. (Dkt. 15.) Plaintiff filed a Response to the Order to Show Cause on March 22, 2023. (Dkt. 17.) The court subsequently declined to exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim on March 28, 2023. (Dkt. 18.) The court took the matter under submission on April 3, 2023. (Dkt. 20.)

## II. Legal Standard

### a. Procedural Requirements for Default Judgment

A party seeking a default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and Local Rules. Under Federal Rule of Civil Procedure 55(b), a party may only seek a default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). Additionally, the "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Finally, the party also must comply with Local Rule 55-1 by submitting a declaration alongside the application for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00226-FWS-PVC            Date: July 26, 2023
Title: Theresa Brooke v. Dellisart LLC

L.R. 55-1.

    **b. Substantive Requirements for Default Judgment**

    Where a party seeking default judgment meets the procedural requirements discussed above, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment. In *Eitel*, the Ninth Circuit stated:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

    "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal quotation marks and citations omitted)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00226-FWS-PVC | Date: July 26, 2023 |
| Title: Theresa Brooke v. Dellisart LLC | |

Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

## III. Discussion

### a. Jurisdiction and Service of Process

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

The court has subject matter jurisdiction over Plaintiff's ADA claim under 28 U.S.C. §§ 1331 and 1343. *See* 28 U.S.C. §§ 1331, 1343. The court also has personal jurisdiction over Defendant because although Defendant is a Georgia limited liability company, it owns, operates, and/or leases a hotel in Irvine, California that is the subject of this lawsuit. (Compl. ¶ 2.) *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and internal quotation marks omitted) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State . . . Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations and internal quotation marks omitted) ("For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00226-FWS-PVC　　　　　　　　　　　　　Date: July 26, 2023
Title: Theresa Brooke v. Dellisart LLC

　　　Finally, the court also finds that Plaintiff adequately served Defendant and filed a proof of service on March 5, 2023, so as to confer personal jurisdiction. (*See* Dkt. 8.) *See also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction.").

　　**b. Procedural Requirements**

　　　As a threshold matter, the court finds Plaintiff has not met the procedural requirements of Local Rule 55-1. The declaration of Plaintiff's counsel does not state when the Clerk of Court entered default against Defendant or the pleading as to which default was entered. (*See generally* Strojnik Decl.) Nor does the declaration indicate whether Defendant is a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521 as required by Local Rule 55-1. (*Id.*)

　　　The court observes there is no other declaration attached to the Motion that otherwise meets the procedural requirements of Local Rule 55-1. *See* L.R. 55-1 ("When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with F.R.Civ.P. 55(b)(1) and/or (2) and include the following: (a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).").

　　　Because Plaintiff has not met the procedural requirements for default judgment, the court does not address the *Eitel* factors. *See Arroyo v. Melendez*, 2020 WL 869211, at *2 (C.D. Cal. Feb. 21, 2020) ("Once the procedural requirements are satisfied, a district court must consider the *Eitel* factors in exercising its discretion to enter default judgment."); *Philips N. Am. LLC v. KPI Healthcare, Inc.*, 2021 WL 6103527, at *1 (C.D. Cal. Sept. 1, 2021) ("Before a court can

**CIVIL MINUTES – GENERAL**　　　　　　　　　　　　　　　　　　　　　　　　6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00226-FWS-PVC                                        Date: July 26, 2023
Title: Theresa Brooke v. Dellisart LLC

enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment."); *Ace Mold (HeFei) Co. Ltd. v. AliphCom*, 2017 WL 7243393, at *3 (N.D. Cal. Dec. 8, 2017) ("Before the Court may consider whether to enter default judgment, it must be satisfied that the procedural prerequisites, including adequate service of process, have been met."); *Rosales v. Indivest, Inc.*, 2021 WL 5000694, at *3 (C.D. Cal. Sept. 16, 2021) ("Plaintiff has not met the procedural requirements of Local Rule 55-1 as to [Defendant] either. Specifically, Plaintiff's declaration does not attest to the required factor[s] of Local Rule 55-1. For example, Plaintiff's declaration does not establish whether [Defendant] is an infant or incompetent or whether the Servicemembers Civil Relief Acts applies.").

### IV.   Disposition

For the reasons set forth above, the Motion is **DENIED WITHOUT PREJUDICE**. Should Plaintiff wish to file another motion for default judgment, Plaintiff shall file and serve any such motion no later than **August 25, 2023**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku